# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARLENE WHITE, LEAH SMITH, MELISA SPARKS, MICHAL FOLEY, MICHELLE TABOR, AND STEVE BODNAR, individually. | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| PREMIERE GLOBAL SERVICES, INC., AMERICAN TELECONFERENCING SERVICES, LTD, AUDIO TELCOMMUNICATIONS TECHNOLOGY II LLC, REALIZATION SERVICES, INC, PIVOTAL GROUP, INC., and WEBCAST PLUS, LLC, | |
| Defendants. | |
| _____/ | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs CHARLENE WHITE, LEAH SMITH, MELISA SPARKS, MICHAL FOLEY, MICHELLE TABOR, and STEVE BODNAR, by and through their undersigned counsel, and bring this Complaint for Damages against Defendants, PREMIERE GLOBAL SERVICES, INC., AMERICAN TELECONFERENCING SERVICES, LTD, AUDIO TELCOMMUNICATIONS TECHNOLOGY II LLC, REALIZATION SERVICES, INC, PIVOTAL GROUP INC., and WEBCAST PLUS, LLC alleging as follows:

1

## PRELIMINARY STATEMENT

1. Plaintiffs are former PGi employees who were participants of the Premiere Global Services U.S. Affiliates Severance Pay Plan Amended and Restated Effective January 1, 2018 (the "Plan"), and who were terminated for a "Severance-Qualifying Event" before September 17, 2021, and did not receive severance pursuant the Plan.

2. Plaintiffs are also former PGi employees who were promised their accrued, unused vacation time and were not paid these amounts following their termination.

3. Plaintiffs bring this action to recover their unpaid severance pursuant to the Employee Retirement Income Security Act ("ERISA") and their unused vacation time pursuant to Georgia common law.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiffs rights under ERISA. The Court has supplemental jurisdiction over Plaintiffs related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including employment practices alleged herein, occurred in this district.

## PARTIES

6. Plaintiffs CHARLENE WHITE, LEAH SMITH, MELISA SPARKS, MICHAL FOLEY, MICHELLE TABOR, and STEVE BODNAR, are former employees of PGi who were terminated effective September 3, 2021. Plaintiffs worked within PGi's billing department and supported PGi's GlobalMeet webcast product along with other services offered by PGi.

7. Defendant PREMIERE GLOBAL SERVICES, INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia.

8. Defendant AMERICAN TELECONFERENCING SERVICES, LTD. is a Missouri corporation with its principal place of business in Alpharetta, Georgia.

9. PREMIERE GLOBAL SERVICES, INC. and AMERICAN TELECONFERENCING SERVICES, LTD (collectively, "PGi") are consolidated and are a multinational corporation and global provider of conferencing and collaboration solutions, including GlobalMeet.

10. Defendant REALIZATION SERVICES, INC. is a New York corporation that offers full-service strategic consulting services and upon information and belief were hired by lenders of PGi to take control of the company and make decisions with respect to ERISA benefit plans, including the severance plan at issue in this action.

11. AUDIO TELCOMMUNICATIONS TECHNOLOGY II LLC is a Delaware Corporation with its principal place of business in Alpharetta, Georgia. AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC was incorporated on February 1, 2022, and upon information and belief, was created as part of a restructuring designed to move assets and liabilities to evade liability in this action. Upon information and belief, AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC is a successor in interest to PREMIERE GLOBAL SERVICES, INC. and/or AMERICAN TELECONFERENCING SERVICES, LTD. and liable as a successor.

12. Defendant PIVOTAL GROUP, INC. is an Arizona corporation who regularly conducts business within Georgia, including the asset sale at issue and operations of other investments (e.g. Snapnurse) located in Georgia.

13. Defendant WEBCAST PLUS LLC is an Arizona corporation who regularly conducts business within Georgia via its webcasting and interactions with employees believed to be working in Georgia.

14. In early 2023, Pivotal Group, Inc. completed an "asset" purchase of GlobalMeet, PGi's webcasting services, and created a new company Webcast Plus, LLC to operate the business.

15. PIVOTAL GROUP, INC. and WEBCAST PLUS, LLC are liable for unpaid severance as successor entities.

## STATEMENT OF FACTS

### A. Severance

16. In June 2021, Defendants provided Plaintiffs with notice that their positions would be permanently eliminated on or around September 3, 2021.

17. As a result of the involuntary layoff, Plaintiffs were entitled, pursuant to the Plan, to severance equal to a full week's salary for every year they worked.

18. Plaintiffs meet all the eligibility requirements under the Plan and their termination occurred prior to any amendment or termination of the Plan.

19. Following the failure to pay severance, Plaintiffs through counsel submitted an initial claim for benefits under the Plan.

20. On April 4, 2021, PGi confirmed via the administrative appeals process that "Severance benefits are due and payable as provided under the Plan and no reasons exist within the terms of the Plan that would support a decision to deny payment of benefits to [Plaintiffs]."

21. Despite this admission, PGi still failed to pay Plaintiffs the severance owed.

22. Upon information and belief, at all relevant times, decisions regarding severance eligibility and payment were controlled by Barry L. Kasoff, President of Realization Services, Inc. ("RSI")

23. Upon information and belief, RSI was retained by a lender group of PGi to restructure and turnaround PGi's business operations and was instructed to act in the interests of the lender group and not the Plan beneficiaries.

24. RSI is liable for the failure to pay severance based on acting as a *de facto* administrator and by preventing PGi from fulfilling its severance obligations since doing so would not be in the interest of the lender group.

### B. Successor Liability Under ERISA

25. After RSI took over control of PGi, PGi was split into two divisions of audioconferencing services and webcasting services.

26. Upon information and belief, AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC was incorporated on February 1, 2022 to move the audioconferencing part of PGi's business and PGi has since sold its audioconferencing customers to LoopUP via a revenue share.

27. In early 2023, PGi further sold the webcasting division operating under the tradename GlobalMeet to Pivotal Group, Inc.

28. Pivotal Group, Inc. created the limited liability company, Webcast Plus, LLC, to operate GlobalMeet.

29. Pivotal Group, Inc. not only acquired the technology associated with PGi's webcasting division, but it also acquired substantially all of its existing employees and leadership along with the goodwill associated with the GlobalMeet brand.

30. The new GlobalMeet website is substantially similar to PGi and explains in the about us section that GlobalMeet is mere continuation of PGi's webcasting divisions: "Throughout the years, you've known us by many names…GlobalMeet, TalkPoint, iMeetLive. Names change, technologies advance but what has remained constant is our obsession with giving our clients the technology and support needed to communicate easily and effectively. We are- and always have been- event people, setting the stage for high-impact events that are secure, scalable, and reliable." *See* https://www.globalmeet.com/about/

31. The President of GlobalMeet, Michele Dobnikar, was the President of PGi from September 2021 to April 2023 and held other positions at PGi from 1990 to 2021.

32. Numerous other Senior Vice Presidents, Vice Presidents, Directors and Managers of PGi also transferred over to GlobalMeet.

33. After the sale to Pivotal Group, Inc., these former employees of PGi were told to "scrub" their affiliation with PGi to mask that the company is a mere continuation of PGi's business.

34. Upon information and belief, all of GlobalMeet's customers were transferred from PGi to Pivotal Group/Webcast Plus, LLC.

35. Upon information and belief, Pivotal Group, Inc./Webcast Plus, LLC had notice of the severance claims against PGi based on publicly filed lawsuits that would have been known during the due diligence process, and these claims were considered during the negotiation and sale of GlobalMeet.

36. Upon information and belief, PGi has little or no assets left after the sale of the audioconferencing customers and GlobalMeet brand such that it would be able to satisfy a judgment in this and the other cases against PGi.

### C. Unpaid Vacation Time

37. In June 2020, Plaintiffs were promised their "vacation time allotted but unused as of the Termination Date."

38. Upon information and belief, PGi had a policy and practice of paying laid off employees for unused vacation time upon termination.

39. Plaintiffs impliedly accepted the promise of payment for unused vacation time by not using all their vacation time and remaining employed through their Termination Date.

40. As a result, Defendants were contractually required to pay Plaintiffs their unused vacation time upon termination. *See Shannon v. Huntley's Jiffy Stores, Inc.*, 329 SE 2d 208 (G.A. Ct. App. 1985) ("It is the accepted law of this state that an additional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them . . . [Cits.]") (quoting *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981)).

41. PGi failed to pay Plaintiffs their promised unused vacation time.

42. In the event a binding contract was not created, Plaintiffs detrimentally relied on the promise of unpaid vacation by not using some or all of their unused vacation time prior to their termination.

### FIRST CAUSE OF ACTION
**(ERISA Unpaid Benefits, 29 U.S.C. § 1132(a)(1)(B))**
*Against PGi and Realization Services, Inc.*

43. For the reasons stated in paragraphs 16-24, PGi and Realizations Services, Inc. are liable to Plaintiff for their unpaid severance under ERISA.

### SECOND CAUSE OF ACTION
**(Successor Liability Under ERISA)**
*Against Audio Telecommunications Technology II LLC, Pivotal Group, Inc. and Webcast Plus, LLC*

44. For the reasons stated in paragraphs 11, 25-36, Audio Telecommunications Technology II LLC, Pivotal Group, Inc. and Webcast Plus, LLC are liable for the unpaid severance under ERISA as successors of PGi.

## THIRD CAUSE OF ACTION
**(Breach of Contract or Detrimental Reliance for Unpaid Vacation Time)**
*Against PGi*

45. For the reasons stated in paragraphs 37-42, Plaintiffs are owed their unused vacation time as a result of the vacation policies in effect at the time of their termination and/or they detrimentally relied on the promise of payment for unused vacation time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and State of Georgia;

B. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic damages, including, but not limited to, loss of severance and unused paid time off;

C. Prejudgment interest on all amounts due;

D. An award of Plaintiff's reasonable attorneys' fees and costs; and,

E. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of June 2023.

/s/Jeremy Stephens
JEREMY STEPHENS, ESQ.
GA Bar No.: 702063
BRYAN ARBEIT, ESQ.
(to be admitted pro hac vice)
191 Peachtree Street, N.E., Ste. 4200
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com
Attorney for Plaintiffs